UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-454-RJC
(3:06-cr-6-RJC-1)

| JIMMY ALONZO WRIGHT, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and Respondent's Motion to Dismiss, (Doc. No. 8).

### I. BACKGROUND

Petitioner was charged by Indictment with: Counts (1) and (3), possession of a firearm by a felon (18 U.S.C. § 922(g)(1)); Counts (2) and (5), Hobbs Act robbery (18 U.S.C. § 1951); and Counts (4) and (6), using, carrying, and brandishing a firearm during and in relation to a crime of violence, "that is, a Hobbes [sic] Act robbery, Title 18 United States Code, Section 1951" (18 U.S.C. § 924(c)). (3:06-cr-6, Doc. No. 1).

Petitioner pled guilty to Counts (3), (4) and (5) and "admit[ted] to being in fact guilty as charged in those Counts." (Id., Doc. No. 14). The parties agreed to recommend a sentence within the applicable guideline range. (Id., Doc. No. 14 at 3). However, should the Probation Office determine that the career offender enhancement applies pursuant to U.S. Sentencing Guidelines § 4B1.1, that provision may be used in determining the sentence and, should a statutory minimum sentence apply, the Court shall impose a sentence no lower than the statutory minimum. (Id., Doc.

1

No. 14 at 3). The Plea Agreement includes appellate and post-conviction waivers except for claims of ineffective assistance of counsel and prosecutorial misconduct. (Id., Doc. No. 14 at 5).

The Presentence Investigation Report ("PSR") scored the base offense level for Count (3) as 24 for a violation of § 922(g) and 924(e) and two levels were added because the firearm was stolen. (Id., Doc. No. 36 at ¶¶ 16, 17). However, Petitioner qualified as an armed career criminal because the instant offense is a § 922(g) conviction and he was previously convicted of common-law robbery, first-degree burglary, and breaking and entering. (Id., Doc. No. 36 at ¶ 22). Therefore, his enhanced level became 33. Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 30. (Id., Doc. No. 36 at ¶¶ 23-24). The PSR scored the base offense level as 20 for Count (5) for a violation of § 1951. (Id., Doc. No. 36 at ¶ 25). However, Petitioner qualifies as a career offender based on his prior convictions for common-law robbery and first-degree burglary and the instant offense is a crime of violence. (Id., Doc. No. 36 at ¶ 31). The offense level is therefore 32 and, after three levels are deducted for acceptance of responsibility, the offense level for Count (5) was 29. (Id., Doc. No. 36 at ¶ 33). Pursuant to U.S. Guidelines Section 3D1.3, the highest offense level applicable to the group is 30. (Id., Doc. No. 36 at ¶ 34). Because Petitioner is a career offender and the instant offense involves a crime of violence, the guidelines range was determined using the table in subsection (c)(3), of 262 to 327 months' imprisonment. (Id., Doc. No. 36 at ¶¶ 36-37). Petitioner had a total of eight criminal history points and a criminal history category of IV, however, the criminal history category for career offenders is VI. (Id., Doc. No. 36 at ¶¶ 51-53). The resulting guidelines imprisonment range was 262 to 327 months and a consecutive mandatory 84-month term for Count (4). (Id., Doc. No. 36 at ¶ 73).

The Court adopted the PSR without change and sentenced Petitioner to a total of 264 months' imprisonment consisting of 180 months for Counts (3) and (5), concurrent, and 84 months for Count (4), consecutive, followed by three years of supervised release. (Id., Doc. No. 25); see (Id., Doc. No. 26) (Statement of Reasons).

Counsel filed an Anders[1] brief on direct appeal, raising two claims but stating there are no meritorious issues for review. Petitioner filed a *pro se* supplemental brief asserting that he was improperly found to be a career offender. The Fourth Circuit found that Petitioner did not establish that the information the Court relied on was incorrect, rejected the argument in the Anders brief that his career offender sentence violated the Sixth Amendment, and found that the alleged error in finding that Petitioner is an armed career criminal is harmless in light of his status as a career offender. United States v. Wright, 274 Fed. Appx. 321 (4th Cir. 2008).

Petitioner filed a § 2255 petition on July 26, 2012, case number 3:12-cv-460. He argued that he is not a career offender because a prior conviction no longer qualifies pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*), that a juvenile conviction was improperly used to qualify him as a career offender, and that his attorney was ineffective for failing to challenge these prior convictions at sentencing and on direct appeal. The Court dismissed the petition as time-barred and alternatively denied it on the merits. Wright v. United States, 2013 WL 1190286 (W.D.N.C. March 22, 2013). The Fourth Circuit dismissed Petitioner's appeal, United States v. Wright, 600 Fed. Appx. 189 (4th Cir. 2015), and the United States Supreme Court denied certiorari, Wright v. United States, 136 S.Ct. 425 (2015).

Petitioner filed this, his second § 2255 Motion to Vacate, with the Fourth Circuit's authorization to do so. (Doc. No. 1-1). He argues that he does not qualify as an armed career

---

[1] Anders v. California, 386 U.S. 783 (1967).

3

criminal because his prior convictions for North Carolina common law robbery and North Carolina breaking and entering do not qualify as ACCA predicates under Johnson v. United States, 135 S.Ct. 2551 (2015) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). He also argues that his § 924(c) conviction is invalid pursuant to Johnson because Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause.

The Government filed a Motion to Dismiss arguing that the § 924(c) claim is waived by Petitioner's post-conviction wavier in his guilty plea, procedurally defaulted, and meritless pursuant to United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). The Government argues that Petitioner is not entitled to relief from his ACCA sentence because the Fourth Circuit has already found that any error in the Court's application of ACCA is harmless in light of his status as a career offender and, alternatively, the Court can exercise its discretion under the concurrent sentence doctrine to decline to review Petitioner's ACCA challenge.

Petitioner filed a Reply, (Doc. No. 12), acknowledging that his § 924(c) challenge is currently foreclosed by Mathis but wishes to preserve a claim for further review that Mathis was wrongly decided and that a conviction for Hobbs Act robbery does not satisfy § 924(c)'s force clause. Petitioner further acknowledges that relief on his Johnson-based challenge to common law robbery as an ACCA predicate is currently foreclosed by United States v. Dinkins, 928 F.3d 349 (4th Cir. 2019), and wishes to preserve a claim for further review that Dinkins was wrongly decided. Petitioner maintains, however, that his Simmons challenge to the ACCA sentence is valid. The Government's harmless error argument is flawed because the career offender enhancement is advisory and, if Petitioner had not been subject to the ACCA enhancement, he might have received a sentence at the low end of the career offender range of 262 months' imprisonment, and he could have argued for a downward variance. Further, if Petitioner were resentenced without the ACCA

enhancement he would no longer be subject to the career offender enhancement based on the amended sentencing guidelines. However, because Simmons is a statutory decision rather than a constitutional one, Petitioner acknowledges that this claim should be addressed in a § 2241 petition pursuant to United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collater al attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**(1) Waiver**

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of

5

the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims" such as a sentence imposed in excess of the statutory maximum or a challenge to the validity of a guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); see United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Petitioner does not contest the Government's assertion that his § 924(c) claim is waived by his plea agreement. The Court finds that Petitioner's knowing and voluntary plea, which contains an express post-conviction waiver, is valid and enforceable. Therefore, Petitioner's § 924(c) challenge will be dismissed and, alternatively, will be denied on the merits. See Section (3), *infra*.

**(2)** **Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).

Cause for procedural default exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Actual

6

prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner does not contest the Government's assertion that his § 924(c) challenge claims are procedurally defaulted from § 2255 review and he does not attempt to demonstrate cause and prejudice or actual innocence. Therefore, Petitioner's § 924(c) claims will be dismissed as procedurally defaulted and, alternatively, they fail on the merits. See Section (3), *infra*.

**(3)** **Merits**

Petitioner challenges his ACCA sentence and his § 924(c) conviction based on Johnson v. United States, 135 S.Ct. 2551 (2015) and its progeny and he also challenges his ACCA sentence based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*).

In Johnson, the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause is void for vagueness, which is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016). The Supreme Court recently held that § 924(c)(3)(B)'s residual clause is likewise unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019).

Petitioner correctly acknowledges that his challenge to the § 924(c) conviction is foreclosed by precedent. Although the Supreme Court held in Davis that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, that holding does not affect Petitioner's conviction because the predicate offense of Hobbs Act robbery constitutes a crime of violence under the force

7

clause of Section 924(c). United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Therefore, even if Petitioner's § 924(c) challenge was not waived and procedurally defaulted, it would be denied on the merits.

Petitioner acknowledges that the Johnson-based challenge to his ACCA sentence is foreclosed by precedent. United States v. Dinkins, 928 F.3d 349 (4th Cir. 2019). The Court agrees and this claim will be denied.

However, Petitioner continues to assert that his Simmons challenge to the ACCA sentence is valid. The Fourth Circuit held in Simmons that hypothetical aggravating factors cannot be considered when determining whether a defendant's prior conviction was punishable by more than one year of imprisonment and thus qualifies as a felony. The Government argues that this claim should be dismissed because the Fourth Circuit already found any ACCA error to be harmless and that the sentence is valid under the concurrent sentence doctrine. Petitioner disputes the Government's harmless error argument but acknowledges that this claim must be raised in a § 2241 petition which Petitioner has already filed in a separate civil case, 3:19-cv-691-RJC.

Because Petitioner's Simmons challenge to his ACCA sentence does not rely on a "new rule of constitutional law," it is not cognizable in this successive § 2255 proceeding. Therefore, this claim will be dismissed without prejudice to litigate this claim in his § 2241 proceeding. See 28 U.S.C. § 2255(h)(2).

**IV.    CONCLUSION**

For the foregoing reasons, the Government's Motion to Dismiss is granted and Petitioner's § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1.     The Respondent's Motion to Dismiss, (Doc. No. 8), is **GRANTED**.

8

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** in part and **DENIED** in part as stated in this Order.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 21, 2020

Robert J. Conrad, Jr.
United States District Judge